## Commonwealth v. Rose.

*Municipalities—License—Retail merchants—Penalty—Statutes—Repeal— Acts of May 2, 1899, June 27, 1913, and May 27, 1919.*

1. A city of the third class has no authority, under the Act of May 2, 1899, P. L. 159, to fix by ordinance the amount of fine or penalty for violation of a license ordinance by transient retail merchants.

2. The Act of May 27, 1919, P. L. 310, supplementary to the Act of June 27, 1913, art. v, § 3, P. L. 568, limits the penalty for violation of ordinances by retail merchants to $100 for one offence.

3. The Act of May 2, 1899, P. L. 159, is not, either directly or by implication, repealed by the Act of May 27, 1919, P. L. 310.

4. It seems that proceedings under the Act of May 2, 1899, P. L. 159, should be instituted in the Quarter Sessions in the name of the Commonwealth by preliminary hearing and indictment.

Appeal from summary conviction. Q. S. Luzerne Co., Nov. T., 1922, No. 338.

*W. A. Valentine* and *Charles F. McHugh*, for plaintiff.

*John E. Jenkins* and *William J. Trembath*, for defendant.

McLEAN, J., Jan. 13, 1923.—This case is before us upon an appeal from a summary conviction. Defendant was arrested upon a warrant issued upon information lodged, charging violation of an ordinance of the City of Wilkes-Barre providing for the licensing of transient retail merchants, and imposing a fine or penalty for its violation. The transcript filed discloses that the case was instituted in the name of the Commonwealth and was heard and determined by J. P. Ruddy, Esq., alderman of the 3rd Ward of the City of Wilkes-Barre and *ex-officio* justice of the peace. Upon hearing, defendant was found guilty of violating the ordinance above referred to, and a fine of $200 was imposed upon defendant, and upon default in the payment thereof, defendant was sentenced to serve thirty days' confinement in the Luzerne County Prison.

An appeal was allowed by the court and the case was heard *de novo*.

Testimony was taken on behalf of the Commonwealth and defendant, and certain questions of law raised, because of which it will be unnecessary to dispose of the case upon its merits.

Defendant contends that the ordinance upon which the prosecution is based is invalid, because the fine for its violation therein provided exceeds in amount legal limitations.

The ordinance reads as follows:

Commonwealth *v.* Rose.

"An ordinance authorizing the licensing of transient retail merchants of the City of Wilkes-Barre, fixing the license fee, and providing a penalty for failure to obtain same.

"Section 1. Be it ordained by the City Council of the City of Wilkes-Barre, and it is hereby ordained by the authority of the same: That hereafter every person, whether principal or agent, entering into, beginning or desiring to begin a transient retail business in the City of Wilkes-Barre for the sale of any goods, wares or merchandise whatsoever, whether the same shall be represented or held forth to be bankrupt, assignee or about to quit business, or of goods damaged by fire, water or otherwise, shall take out a license for the same at the office of the city treasurer.

"Section 2. The amount of said license fee shall be $100 per month, payable to the city treasurer, and shall entitle the person obtaining the same to continue business for a period of one month or any fractional part thereof.

"Section 3. Said license shall be received monthly during the continuance of said sale, and upon failure of any person or persons so to secure such license or renew the same monthly during the continuance of said business, he, she or they shall be fined in a sum not less than $100 nor more than $200, to be collected as other fines are by law collectible, and in default of payment of said fines, to be imprisoned in the jail of Luzerne County for a period not exceeding thirty days.

"Section 4. All ordinances or parts of ordinances in conflict herewith are hereby repealed."

Defendant contends that the passage of the ordinance by the city was in exercise of its police power, and in such action the city was controlled and regulated by the following clause of the Act of May 27, 1919, § 18, P. L. 310: "46. To make all such ordinances, by-laws, rules and regulations, not inconsistent with or restrained by the Constitution and laws of this Commonwealth, as may be expedient or necessary for the proper management, care and control of the city and its finances, and the maintenance of the peace, good government, safety and welfare of the city and its trade, commerce, manufactures, and the exercise of full and complete powers for local self-government in matters of police; and the same to alter, modify and repeal at pleasure; and to enforce all ordinances by inflicting penalties upon inhabitants or other persons for violations thereof, not exceeding $100 for any one offence, recoverable with costs, together with judgment or imprisonment not exceeding ninety days, if the amount of said judgment and costs shall not be paid"—from which it will appear that the fine provided in the ordinance exceeds the limitation fixed by this act of assembly.

The city contends that the power to enact the ordinance in question is not dependent upon the act of assembly above quoted, but is predicated upon authority given by the Act of May 2, 1899, P. L. 159, as follows: "Section 1. That hereafter every person, whether principal or agent, entering into, beginning or desiring to begin a transient retail business in any city, borough or township of this Commonwealth for the sale of any goods, wares or merchandise whatsoever, whether the same shall be represented or held forth to be bankrupt, assignees or about to quit business, or of goods damaged by fire, water or otherwise, shall take out a license for the same from the proper authorities of the said city, borough or township. The amount of such license in any city or borough shall be fixed by ordinance, duly passed by the council of such city or borough, and shall not be less than $25, nor exceed the sum of $200 per month or fractional part thereof, to be paid to the treasurer of said city or borough; and the amount of such license in any township shall be the

4 D. & C.

sum of $25 per month or fractional part thereof, to be paid to the county treasurer for the use of the school fund of said township. Said license to be renewed monthly during the continuance of said sale, and upon failure of said person or persons so to secure such license, he, she or they shall be fined in a sum not less than $100, nor more than $200, to be collected as other fines are by law collectible, and in default of payment of said fines, to be imprisoned in the jail of said city or county for a period not exceeding thirty days."

And this act of assembly is not, either directly or by implication, repealed by the Act of 1919, and in this we agree with plaintiff's counsel, for from the very words of the Act of June 27, 1913, art. v, § 3, P. L. 568, to which the Act of May 27, 1919, § 18, P. L. 310, is an amendment, which reads as follows: "Every city of the third class, in its corporate capacity, is authorized and empowered to enact ordinances for the following purposes, in addition to the other powers granted by this and other acts"—it is apparent it was not intended to limit and control the corporate powers of the city thereby, excepting only upon matters therein dealt with, and nowhere in the Act of 1919, or the acts to which it is a supplement, are we able to find the power or authority of cities of the third class to license transient retail merchants defined or considered.

But upon close scrutiny of the Act of May 2, 1899, P. L. 159, we cannot find any authority therein conferred upon cities to fix by ordinance the amount of fine or penalty for violation of ordinances.

As we construe the act, we find the effect thereof to be well expressed in its title, viz., "To provide for the licensing of transient retail merchants in cities, boroughs and townships, and providing penalty for failure to obtain the same," and that the amount of the license so acquired in any city shall be fixed by ordinance, and that the penalty for the violation of the law, requiring the license in the amount fixed by the ordinance, is fixed by the law itself, as follows: "Said license to be renewed monthly during the continuance of said sale, and upon the failure of such person or persons so to secure such license, he, she or they shall be fined in a sum of not less than $100, nor more than $200, to be collected as other fines are by law collectible, and in default of payment of said fines, to be imprisoned in the jail of said city or county for a period not exceeding thirty days."

Clearly, no authority is therein given third class cities to fix by ordinance the amount of fine or penalty to be imposed for failure to secure such license.

We are obliged to conclude, therefore, that the ordinance, at least in so far as it assumes to fix a penalty for its violation, is invalid because the fine or penalty provided therein exceeds in amount the limitations fixed by the Act of 1919, and, in the absence of other legislative authority, the city is without power to impose fines or penalties in excess of $100.

This view of the case makes it unnecessary to dispose of several other interesting questions presented at argument, and is without prejudice to further prosecution of the defendant in proper proceedings for the violation of the Act of May 2, 1899, P. L. 159, in which case we are of the opinion that the proceedings would be properly instituted in the name of the Commonwealth, but would necessarily be by preliminary hearing and indictment in the Quarter Sessions if the evidence warrant.

Defendant is found not guilty, and the sentence imposed is set aside.

From F. P. Slattery, Wilkes-Barre, Pa.